Smith, P. J.
Judgment in this action was recovered against the defendant by default for $324, and entered in Hew York county, September 6, 1875. Subsequently in the same month the judgment was docketed in Cayuga county and an execution was issued to the sheriff of that county, which was returned unsatisfied. In April 1886, the respondent Center, claiming to have an assignment of the judgment from the plaintiff issued another execution thereon to the sheriff of Cayuga. Thereupon the defendant moved to set aside the judgment, the transcript and docket thereof and the execution, on the ground that the original judgment is void, it not being against the defend *168 ant by her real name, Agnes E. Ehenbottom; that the transcript filed in Cayuga county is not a transcript of the original judgment; and also on the ground that one W. F. Osborne is the owner of said judgment by an assignment from the plaintiff prior to that under which Center claims. The special term denied the motion to set aside the judgment and execution, and on motion of defendant referred it to a referee to take proof and report with his opinion whether prior to the assignment to Center, the plaintiff had assigned the judgment to Osborne, either personally or as president of the Osborne and Cheeseman company, doing business at Ansonia, Connecticut. The order also denied the defendant’s application to refer the question as to the validity of the judgment. From that order, except the provision granting a reference, the defendant appealed.
The referee reported among other things that the plaintiff had not made a valid assignment of the judgment prior to his assignment to Center. To portions of the report the defendant and Center filed exceptions at special term and the exceptions taken by each party were overruled, and the original motion to set aside the execution on the ground that Center was not the owner of the judgment was denied. And it was ordered that the judgment and docket in New York and Cayuga and the execution be amended nunc pro tunc, by inserting the full name of the defendant, without-prejudice to any application the defendant might be advised to make with reference to the report of the referee. At a subsequent term the defendant moved that the report of the referee be set aside and a new reference be ordered, which motion was denied. From the last two orders the defendant appealed, writing them in one notice.
The defendant’s motions for relief so far as they rested upon an alleged misnomer were properly denied. The' defendant was sued by the name of A. E. Ehenbottom. The complaint stated that her Christian name was unknown to the plaintiff. The summons and complaint were served upon her personally. By an apparent error in the clerk’s-office in New York, her name in the docket of judgment there is “A. E. Ehenbottan,” but in the- transcript filed in Cayuga and in the docket there, as well as in the execution,, her name appears to be the same as in the summons and complaint. Plainly the defendant was not prejudiced. The mistake was that of the clerk of the court. The orders disregarding the mistake as a ground for setting aside the proceedings and ordering an amendment, nunc pro tunc,, without prejudice to third persons, should be affirmed.
In respect to the question of a prior assignment, the proofs, reported by the referee show that sometime after Sanders, obtained the judgment he instituted proceedings in bank *169 ruptcy and was declared a bankrupt. He endeavored to effect a composition with his creditors, among whom was the Osborne and Cheeseman Company, of which Osborne was the president. The claim of the company was for over $1,200. By the terms of the compromise the creditors were to release their debts on being paid twenty-five per cent. Among the proofs reported by the referee was testimony on the part of the defendant tending to show that Osborne made a secret arrangement with Sanders by which his company was to receive a bonus of $125 in cash and an assignment of the judgment in question in addition to the twenty-five per cent, as a condition of releasing the debt of the company.
That testimony was controverted, so that the proofs reported by the referee were conflicting as to whether Sanders agreed to assign the judgment to Osborne or his company. The affidavits read on the motion at special term presented the like conflict. The question was, therefore, an open one for the special term to decide on the coming in of the referee’s report. The referee held that the judgment was in fact assigned, but that the assignment was void as being against public policy and fraudulent. The order of reference gave the referee no power to decide. He was merely to take proofs and report them to the court with his opinion. His finding had the force of an opinion only. The order of reference in that form was granted on motion of the defendant. As has been said, the question of fact was left an open one to be decided by the court on the coming in of the report. It does not expressly appear how the court disposed of that question, but as all intendments are in support of the order, it is to be assumed that it was decided in the respondent’s favor, nothing appearing to the contrary. We are not prepared to say that a finding that no assignment was made to Osborne or his company is against the weight of the evidence. The alleged agreement was positively denied by Sanders in his testimony before the referee and in his affidavit read on the motion.
Again, if there was an agreement to assign, the question is fairly raised by the testimony whether the agreement was not executory merely. It was an oral agreement. No writing was executed. Nothing was delivered. So far as we have discovered from the record, neither Osborne nor his company exercised any control over the judgment, or claimed the right to control it, till after the assignment to Center. Assuming that the agreement was executory, it cannot be enforced. It was against public policy and void. If Osborne were a party to this proceeding, and were seeking to enforce the executory agreement, or to avail himself *170 of it to defeat the title of the respondent, the law would not aid him. The defendant is in no better position, and upon the assumption that the agreement to assign was executory, her contention fails.
Upon either of the grounds above stated the special term may have reached the conclusion that the assignment to Center gave him the title to the judgment and the right to enforce the same by execution.
The several orders appealed from should be affirmed, with ten dollars costs of one appeal only and disbursements in each.
Barker, Haight and Bradley, JJ., concur.